IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

R. James Miller, Jr., #316047,           )        C/A No.: 1:15-1959-RBH-SVH
                                          )
                    Petitioner,           )
                                          )
        vs.                               )
                                          )        REPORT AND RECOMMENDATION
Nena Walker-Staley, Warden,               )
                                          )
                    Respondent.           )
_____    )

        R. James Miller, Jr. ("Petitioner"), is an inmate at the Manning Correctional

Institution of the South Carolina Department of Corrections who filed this pro se petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court

pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report

and Recommendation on Respondent's motion for summary judgment and return. [ECF

Nos. 22, 23]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court

advised Petitioner of the summary judgment and dismissal procedures and the possible

consequences if he failed to respond adequately to Respondent's motion by November 16,

2015. [ECF No. 24]. Petitioner filed a response on November 6, 2015. [ECF No. 26].[1]

        Having carefully considered the parties' submissions and the record in this case, the

undersigned recommends that Respondent's motion for summary judgment [ECF No. 22]

be granted and Petitioner's motion for a hearing [ECF No. 27] be denied.

_____

[1] Petitioner filed additional documents to supplement his response on February 10, 2016.
*See* ECF No. 28.

I.    Factual and Procedural Background

According to the guilty plea transcript, Petitioner and his girlfriend were homeless in August 2010 when they were taken in by Mr. Bundrick's brother. [ECF No. 23-1 at 21]. Mr. Bundrick and his brother lived on the same street. *Id.* at 21–22.   During the summer of 2010, Mr. Bundrick went on vacation to Alaska, and while he was gone, Petitioner and his girlfriend obtained Mr. Bundrick's confidential personal identification and set up dummy accounts. *Id.* at 22. They then transferred over $100,000 from Mr. Bundrick's checking accounts into the dummy accounts. *Id.* at 22. From early August to mid-October, Petitioner and his girlfriend spent some of the money they deposited into these accounts. *Id.* at 22–23. Petitioner also sold Mr. Bundrick's stock online and collected the proceeds. *Id.* at 24. When Mr. Bundrick returned from Alaska, he realized his checking account had been emptied, his stock account liquidated, and his credit ruined. *Id.* at 23–25, 28–29.

Petitioner was indicted by the Fairfield County grand jury in February 2011 for three counts of financial identity fraud (2011-GS-20-35, -36, -37). *Id.* at 111–16. Petitioner was represented by Mike Lifsey, Esq., and pled guilty to all counts on April 3, 2012, before the Honorable Casey L. Manning, Circuit Court Judge. *Id.* at 3–40. Judge Manning sentenced Petitioner to two concurrent terms of 10 years each and a consecutive term of 10 years suspended to three years probation. *Id.* at 39–40. Judge Manning also ordered restitution of $30,000. *Id.* at 40.

Petitioner filed a direct appeal through plea counsel, who informed the court that there was no merit to the appeal. [ECF No. 23-2]. On July 18, 2012, the Court of Appeals

2

dismissed the appeal [ECF No. 23-3], and the remittitur issued on August 13, 2012 [ECF No. 23-4].

On August 30, 2012, Petitioner filed an application for post-conviction relief ("PCR"), asserting claims of lack of subject matter jurisdiction, ineffective assistance of counsel, and involuntary guilty plea (2012-CP-20-352). [ECF No. 23-1 at 43–51].

Petitioner also filed a motion for a writ of certiorari/habeas corpus appeal [ECF No. 23-5], which the South Carolina Supreme Court dismissed on January 15, 2014, finding there was no appellate jurisdiction [ECF No. 23-6].

A PCR evidentiary hearing was held before the Honorable W. Jeffrey Young, Circuit Court Judge, on July 28, 2014, at which Petitioner and his counsel, W. Michael Hemlepp, Jr., Esq., appeared. [ECF No. 23-1 at 59–99]. On September 10, 2014, Judge Young filed an order of dismissal. *Id.* at 100–110.

Petitioner appealed from the denial of PCR and was represented by Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 23-7]. Attorney Carter filed a *Johnson* petition[2] for writ of certiorari in the South Carolina Supreme Court on or about January 28, 2015, raising the following issue:

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386

> Trial counsel erred in advising petitioner that neither an accountant nor an accounting was necessary in order to ascertain the exact amount owed in restitution since counsel's plan was to abandon "arg[uing] about restitution . . ."throw [themselves] on the mercy of the court,"[1] and simply consent to any amount of restitution ordered by the plea judge because this strategy violated petitioner's right to a fair sentencing proceeding.
>
> _____
>
> [1] App. 84, 1. 19 - 21; App. 89, 1. 22 - p. 90, 1. 1; App. 95, 1. 4 - 12.

*Id.* at 2. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. *Id.* at 8. Petitioner filed a pro se brief. [ECF No. 23-8].

By order dated April 23, 2015, the South Carolina Supreme Court denied the petition for certiorari. [ECF No. 23-9]. The remittitur was issued on May 20, 2015. [ECF No. 23-10].[3]

Petitioner filed a second PCR application on March 5, 2015, in which he raised the following grounds:

(a)    Ineffective Assistance of Counsel
(b)    Lack of Jurisdiction
(c)    Denial of Federal Constitutional Right to Due Process of Law.

[ECF No. 23-17].

The Honorable Brian M. Gibbons, Chief Administrative Judge for the Sixth Judicial Circuit, filed a conditional order of dismissal on May 18, 2015, finding the application was

_____

U.S. at 744.

[3] Petitioner filed a state petition for a writ of habeas corpus on May 6, 2014. [ECF No. 23-11]. On September 8, 2014, the Honorable Brian M. Gibbons, Circuit Court judge, filed an order of dismissal. [ECF No. 23-12]. Petitioner appealed the denial of his state habeas petition [ECF No. 23-13], and on November 2, 2015, the Court of Appeals dismissed the appeal [ECF No. 26-3].

4

untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed. [ECF No. 23-20]. On June 10, 2015, Petitioner filed a response to the conditional order of dismissal. [ECF No. 23-22]. On October 26, 2015, Judge Gibbons filed a final order dismissing Petitioner's second PCR application with prejudice. [ECF No. 26-2].

Petitioner appealed the court's order of dismissal, and by order dated January 26, 2016, the South Carolina Supreme Court dismissed the appeal, finding Petitioner's explanation under SCACR 243(c) was insufficient to show there was an arguable basis for asserting that the determination by the lower court was improper. [ECF No. 28-1].

Meanwhile, on May 4, 2015, Petitioner filed this federal petition for a writ of habeas corpus. [ECF No. 1-5 at 1].[4]

II.    Discussion

A.    Federal Habeas Issues

Petitioner states the following five grounds in his habeas petition:

**Ground One:**    Restitution order is contrary to clearly established Federal Law.

Supporting Facts: Petitioner was ordered to pay restitution for an offense on which he was NEVER indicted or convicted. The state court was objectively unreasonable in not finding that a violation of my rights had occurred. (See attachments). Petitioner realleges and incorporates by reference the "Response to Order of Dismissal of PCR," on file 1:14-cv-483-RBH

---

[4] The petition was received by the court on May 7, 2015, and docketed on May 8, 2015. [ECF No. 1-5 at 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on May 4, 2015. *Id.*

**Ground Two:**     Ineffective Assistance of Counsel

Supporting Facts: Plea counsel's errors constituted deficient legal representation in violation of the Sixth Amendment to the U.S. Constitution. Counsel's errors deprived Petitioner of his right to a fair proceeding, which in turn prejudiced him because a reasonable probability exists that, absent counsel's errors, the result of the proceeding would have been different. In rejecting the Petitioner's claim, the State Court ignored legally relevant facts that it needed to consider in order to reach the correct result. (See attachment, page 1/7). Petitioner wishes to reallege and incorporate by reference section III "In the interest of Justice" and IV "cause and prejudice" attached to Traverse (C/A: 1:14-cv-483), the Declaration, Supplement and etc.

**Ground Three:**     Denial of Constitutional Right to Due Process of Law

Supporting Facts: See page 5, section c (attached)

**Ground Four:**     Lack of Jurisdiction

Supporting Facts: See attachments, page 3/7, section "b," "Lack of Jurisdiction" and "statement of facts."

**Ground Five:**     Constitutionally Defective Guilty Plea

Supporting Facts: Petitioner unintelligently surrendered his chance of acquittal in exchange for concessions that the Solicitor had agreed to but Petitioner did not receive. Initial plea offer was for a maximum sentence of seven years in exchange for a guilty plea to four counts (Petitioner only pled to three). The Solicitor had Petitioner picked up by the bondsman and falsely imprisoned four days before the plea hearing and withdrew the plea offer. The sentencing sheets were signed at this point by the Solicitor, Petitioner, and the Petitioner's counsel and clearly indicate that "The plea is: Without Negotiations or Recommendation." Petitioner pled guilty with the expectation that the Solicitor would refrain from making a recommendation to the Court. However, the State did not keep this agreement and instead recommended "a ten to 15 year sentence" See plea transcript page 3, lines 11-12 and page 15, lines 9-11 (see also lines 3-5).

[ECF No. 1 at 5–10, 16].

B.      Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.    Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal

court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

> (A)     the applicant has exhausted the remedies available in the courts of the State; or

> (B)     (i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right

under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[5] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

---

[5] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

11

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

12

3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state's courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), cert. denied, 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.     Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so

serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute

for ordinary error correction through appeal." *Id.* at 102, quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

D.    Analysis

1.    Procedurally-Barred Grounds

Respondent argues Petitioner procedurally defaulted on all his claims in Grounds One, Three, Four, and Five. [ECF No. 23 at 23–32]. The undersigned agrees Petitioner defaulted on Grounds One and Three. In Ground One, Petitioner alleges his restitution order was contrary to federal law. [ECF No. 1 at 5]. In Ground Three, Petitioner claims he was denied due process when the solicitor unlawfully obtained an order depriving him of his personal property without providing notice or conducting a forfeiture hearing. [ECF Nos. 1 at 8; 1-1 at 5–7]. To the extent the claims in Grounds One and Three were not addressed in Petitioner's PCR order of dismissal, or raised in his direct or PCR appeal, these grounds were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Consequently, federal habeas review of these claims is barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, *supra*.

2.    Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these claims. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that to show prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez*, 906 F.2d at 1159 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent").

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a guilty plea, a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to

raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues. To the extent Petitioner argues his PCR counsel was ineffective [ECF No. 26 at 6], this argument is insufficient to constitute cause for procedural default or undue prejudice from an alleged constitutional violation. Petitioner cannot "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–20 (2012).

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The guilty plea colloquy reflects that Petitioner admitted the facts as recited by the solicitor in Section I above. [ECF No. 23-1 at 21–29]. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, procedural bars apply as to all his claims in Grounds One and Three.

3.     Merits Review

a)     Ground Two

In Ground Two, Petitioner argues his counsel was ineffective because he failed to hire a forensic accountant and failed to honor Petitioner's request for a restitution hearing. [ECF No. 1-1 at 1–2].

During the PCR hearing, Petitioner testified he did not feel he owed any restitution. [ECF No. 23-1 at 66]. Petitioner stated:

> I was given financial records, and I was looking at them. And there were a number of things in there where I - - that had happened while I was incarcerated that I could not have done. And Mr. Lifsey had said that he was going to approach the judge and ask him about hiring a forensic accountant. And we had talked about that a couple of times, but he never - - he never hired one.

*Id.* Petitioner stated he did not know why his counsel did not hire a forensic accountant and he believed "any expert testimony on [his] behalf would have helped." *Id.* Petitioner testified he

> requested a restitution hearing, and I was told not to ask for a restitution hearing because it wouldn't do any good to get less restitution and get more time, that I risked getting a 10-year sentence. As it turned out, I got the 10-year sentence and I got restitution.

*Id.*

When questioned about his representation of Petitioner, counsel testified:

> Now, the amount of restitution - - you know, I understand his argument. But, frankly, I mean - - and I don't think it was a very good argument. I mean, his argument basically as to the rest of the restitution was, you know, I only stole a little bit of it and then my wife ran wild and stole the rest.
>
> And I just - - I mean, I just don't find that a particularly compelling - - and I don't think a judge would find that a particularly compelling - - defense. It's

18

kind of like saying I robbed a bank and then, you know, on the way home I stopped at a bar and somebody else broke in and stole all the money outta my car.

I just don't - - I didn't find that a particularly compelling argument that would have resonated with a judge when you had a victim standing up saying he's out all of this money and everything.

So, I mean, he had - - he had no defense that I'm aware of to the charges for which he pled. He had some as to the charges that were dismissed.

He did have a dispute as to the restitution, but he and I talked about it at length, and we just reached the conclusion that it was better - - I mean, you're still talking in excess - - even what he admitted was more than $20,000.

We thought - - and he and I discussed it - - that rather than argue about the restitution we would throw ourselves on the mercy of the court hoping - - stressing his medical and health conditions, hoping that the judge would be lenient in light of us pleading rather than make this argument and restitution which, frankly, I doubted would be particularly compelling and had the danger of irritating the trial - - the sentencing judge.

*Id.* at 85–87.

The PCR court denied this ineffective assistance of counsel claim, finding Petitioner failed to demonstrate counsel's performance was deficient. *Id.* at 105. The court found counsel's testimony to be credible and Petitioner's testimony not credible. *Id.* The court stated, "Counsel's belief that Applicant's restitution argument would not resonate with a judge or jury was reasonable. Accordingly this Court holds Counsel's decision not to hire a forensic accountant was reasonable, especially considering the fact that the charges to which Applicant did not admit his guilt were dropped." *Id.*

In his opposition to summary judgment, Petitioner alleges he did not consent to any restitution or forfeiture. [ECF No. 26 at 1]. Petitioner argues the PCR court unreasonably

applied federal law and alleges the court's findings were not supported by the facts in the record. *Id.* at 18–26.

The undersigned finds counsel articulated valid strategic reasons for his decision not to hire a forensic accountant or request a restitution hearing. Counsel testified that in light of Petitioner's admission to having stolen more than $20,000, he and Petitioner decided not to argue about restitution, but to plead guilty and hope that the judge would be lenient in light of the plea. Courts are instructed to not second-guess an attorney's trial strategy and tactics. *Stamper v. Muncie*, 944 F.2d 170 (4th Cir. 1991); *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977). Counsel cannot be judged ineffective for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." *Darden v. Wainwright*, 477 U.S. 168, 169 (1986). In light of the evidence presented during the PCR hearing, the undersigned finds the PCR court made reasonable findings of fact and reasonably applied federal law in denying Petitioner's ineffective assistance of counsel claim. The undersigned further finds that the state court did not unreasonably apply the mandates of *Strickland* in denying Petitioner's claims. Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of these issues. Based on the foregoing, Petitioner is not entitled to federal habeas relief on the allegations in Ground Two, and the undersigned recommends this ground be dismissed.

b)    Ground Four

In Ground Four, Petitioner alleges the court did not have subject matter jurisdiction over his charges because the alleged offenses occurred outside the territorial jurisdiction of the court. [ECF Nos. 1 at 10; 1-1 at 3–4; 1-2 at 1, 8–10]. Respondent argues Petitioner's Ground Four does not state a claim cognizable in federal habeas corpus. [ECF No. 23 at 45]. The undersigned agrees. State court subject matter jurisdiction is a matter of state law that is not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"). Accordingly, the undersigned recommends that Respondent be granted summary judgment on Ground Four.

c)    Ground Five

In Ground Five, Petitioner argues he "unintelligently surrendered his chance of acquittal" in exchange for the solicitor agreeing to not make a recommendation to the court, but that the solicitor did not keep the agreement and recommended a 10 to 15 year sentence. [ECF No. 1 at 16–17]. Petitioner argues his counsel was ineffective when he failed to object to the solicitor's recommendation, which Petitioner claims was in violation of the plea agreement. *Id.* at 16.

The PCR court denied this claim:

This Court finds Applicant has failed to demonstrate that his guilty plea was entered involuntarily. Once again, this Court finds Counsel's testimony to be credible and Applicant's testimony to be not credible.

This Court finds Applicant was aware of the nature of the charges he was facing and the possible penalties. This Court finds Applicant was well aware that by pleading guilty he was waiving his ability to challenge the evidence against him. This Court further finds Applicant was well aware of the constitutional rights he was waiving by pleading guilty. This Court further finds that Applicant pled guilty voluntarily and of his own free will. Furthermore, this Court is not convinced by Applicant's claims that he only pled guilty because Counsel forced him to, or the claims that Counsel promised him a certain sentence. Accordingly, those claims are without merit. Finally, this Court finds no reason to believe Applicant was led to believe the State would refrain from opposing Applicant's request for leniency or making a sentencing recommendation. Accordingly, those claims are without merit.

Accordingly, this Court finds Applicant's guilty plea was knowingly and voluntarily entered. This Court finds that the evidence presented at the evidentiary hearing as well as contained within the guilty plea transcript clearly supports a finding that the guilty plea was not coerced or involuntary; rather, it was freely, knowingly, and voluntarily entered. This Court finds Applicant was informed of the nature and elements of the offenses with which he was charged and to which he pled guilty. This Court further finds that Applicant was fully apprised of the rights he was forfeiting in order to plead guilty and that Applicant decided to go forward with his guilty plea.

[ECF No. 23-1 at 108–109].

In his opposition to summary judgment, Petitioner argues the PCR court erred by failing to find that his constitutional rights were violated. [ECF No. 26 at 14]. Petitioner claims his guilty plea was involuntary and alleges the PCR court's order ignores his sentencing sheets, which "indicate that the plea is without negotiations or recommendation and it is signed by the Solicitor, myself, public defender, clerk of court, and Judge." *Id.* at 13. Petitioner argues the solicitor broke the plea agreement by recommending the maximum sentence and the public defender was ineffective when he failed to object. *Id.* at 13–14.

At his plea hearing, Petitioner stated he understood the charges he was facing; that he faced a potential punishment of up to 30 years for three counts of financial identity fraud; that his constitutional rights included his right to remain silent, right to a jury trial, right to confront witnesses; that his entering a guilty plea meant that he admitted the truth of the charges against him; no one promised him anything or threatened him to force him to plead guilty; that he was satisfied with his counsel's services; and that he was entering a guilty plea voluntarily, of his own free will. [ECF No. 23-1 at 9–20]. The solicitor presented the facts of the state's investigation *id.* at 21–27, with which Petitioner concurred. *Id.* at 27. In light of the evidence presented, the undersigned finds the PCR court made reasonable findings of fact and reasonably applied federal law in denying Petitioner's involuntary guilty plea claim.

Viewing the record in its entirety, the record supports the state court's conclusion that Petitioner was aware of the constitutional rights that he was waiving and that he freely and voluntarily entered his guilty plea. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (holding federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams*, 529 U.S. at 398; *Bell v. Jarvis*, 236 F.3d 149, 157–58 (4th Cir. 2009); 28 U.S.C. § 2254(e)(1) (stating a determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). *Sargent v. Waters*, 71 F.3d 158,

160 (4th Cir. 1995) (noting historical facts underlying guilty pleas are entitled to deference).

While Petitioner now alleges his plea was involuntary and unintelligent, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. *Via v. Superintendent, Powhatan Correctional Center*, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has not offered sufficient facts to support his claim that his counsel was ineffective. Accordingly, the undersigned can find no basis for a reversal of the state court's finding that Petitioner's guilty plea was knowing and voluntary. Accordingly, the undersigned recommends Ground Five be dismissed.

IV.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 22] be granted and the petition be dismissed with prejudice. If the district court accepts this recommendation, Petitioner's motion for hearing [ECF No. 27] would be moot.

24

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 2, 2016                                   Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.   "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).